**Ron J. VILLENEUVE and Beverly Villeneuve, Plaintiffs and Respondents,**

v.

**Philip D. SCHAMANEK and Gail Schamanek, Defendants and Appellants.**

**No. 17343.**

Supreme Court of Utah.

Dec. 31, 1981.

---

Stephen B. Mitchell, Salt Lake City, for plaintiffs and respondents.

Gary A. Frank, Murray, for Schamanek.

PER CURIAM:

This is an appeal from a summary judgment ordering foreclosure of a mortgage based on an election by the plaintiffs (sellers) under a Uniform Real Estate Contract to treat it as such, following delinquency in payments due and owing by the defendant. The defendant was an assignee of the buyers, named Brown, who had executed the contract to purchase.

Defendant's sole point on appeal is that there was an issue of fact that precluded the summary judgment. Stated briefly, the record and affidavit of plaintiffs reflect the following:

In March, 1978, the plaintiffs agreed to sell a duplex to Thad and Paula Brown. In August, 1979, a year and a half later, unbeknown to the plaintiffs sellers, the Browns assigned their interest in the contract to defendant, Philip D. Schamanek, whose address was stated in the assignment to be 7040 South Campus Drive. Another assignee, Gail Schamanek, was also named in the assignment. She turned out to be defendant's sister who had no interest in the transaction and who, by stipulation and reformation, was eliminated from this case and consequently is not a party to this appeal.

Defendant paid nothing on the contract, having moved to Nevada. Two notices of delinquency were sent to the above address, the last of which informed defendant of foreclosure unless delinquent payments were made current. Defendant's sister made one such payment of $487.70 in October, 1979, which is the only payment ever made.

Notice was mailed in December, 1979, warning of an election to foreclose if payments were not made current within 10 days. This was followed by an election letter of January, 1980. When no response was received after more than 30 days, on February 15, 1980, the plaintiffs served summons and filed complaint. No response was made thereto and nowhere in the record by pleading, affidavit, or otherwise, can be found any claim of non-receipt of process or complaint. On March 19, 1980, a default judgment was entered. Thereafter, the defendant moved to set the judgment aside. The plaintiffs stipulated that the judgment could be, and it was, vacated, ostensibly for defect in service of summons. In April, 1980, plaintiffs amended their complaint, seeking foreclosure as against Philip only, after Gail had been stipulated out, and in May, 1980, the plaintiffs moved for the appointment of a receiver.

The facts stated above were evident from the pleadings and/or developed by affidavits of the plaintiffs filed in support of their motions for judgment and for appointment of a receiver. The defendant filed no affidavit stating facts that disputed the above.

At the hearing on plaintiffs' motion to appoint a receiver, counsel for defendant offered to tender into court all amounts necessary to make current the payments due under the contract, if the court would not appoint a receiver.

The court obliged by not appointing a receiver and giving defendant 20 days to carry out his promise, failing which, the court then would appoint the receiver. The defendant failed to perform as promised, after which the plaintiffs moved for summary judgment. The motion was continued three times at the request of the defendant when finally it was granted, after defendant had utterly failed to keep his promise. The motion was granted in September, 1980, and judgment of foreclosure was entered. The property was sold by the sheriff in satisfaction of the full amount of the money judgment given against defendant plus costs and attorney's fees.

The defendant did not ask for a stay of judgment. He did not petition for an order vacating or modifying the judgment. He filed an affidavit in opposition to the motion for summary judgment, but it did not dispute in any way the pleadings and facts supported by plaintiffs' affidavits. He made no effort to refinance or redeem the property during the six-month redemption period. The defendant's only contention on appeal has to do with a defect in notice preliminary to foreclosure. Such contention long since had worn out its effectiveness, or defensive character by defendant's making a personal appearance, acknowledging the alleged delinquencies, and promising to pay (which he never did). Any such defense, unsupported by evidence or affidavit had spent its force not only by waiver of defects as to notice, but for lack of any verified contention that the facts were not as pleaded. This is buttressed by the supporting affidavits of plaintiffs, all of which negated any serious contention that there was a genuine issue of fact. The contentions now made by defendant are not reflected in the record and have been urged in a brief for the first time on appeal.

The judgment is affirmed, with costs on appeal awarded to the plaintiffs.